IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEREMY LEE CONLIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0411 |
| | § | |
| BRETT LIGON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Jeremy Lee Conlin (TDCJ #1293724), is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division. Conlin has filed a "notice" that is construed as a request for leave to remove a state "civil action" to federal court under 28 U.S.C. §§ 1441 and 1443. Conlin, who proceeds *pro se*, has also filed a motion for leave to proceed *in forma pauperis*. (Docket No. 2). After considering all of the pleadings and the applicable law, this case will be dismissed for reasons set forth below.

## I.     BACKGROUND

The civil action filed by Conlin in this instance concerns his efforts to challenge a state court conviction. Court records reflect that Conlin entered a guilty plea on February 24, 2005, to charges of aggravated sexual assault of a child in Montgomery County cause number 04-10-08389-CR. Conlin received a ten-year prison sentence in that case.

Conlin's direct appeal was dismissed for lack of jurisdiction. *See Conlin v. State*, No. 09-05-332-CR, 2005 WL 2036236 (Tex. App. — Beaumont Aug. 24, 2005, no pet.).

Conlin has filed numerous applications for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  His first application was dismissed because he filed it while his direct appeal was still pending.  *See Ex parte Conlin*, No. 64,230-01.  His second application was denied based on findings and conclusions of law made by the trial court.  *See Ex parte Conlin*, No. 64,230-02.  Since that time, three successive habeas applications filed by Conlin have been dismissed as an abuse of the writ pursuant to Article 11.07, § 4 of the Texas Code of Criminal Procedure.  *See Ex parte Conlin*, Nos. 64,230-03, 04, & 06.  It appears that Conlin now has yet another habeas application pending before the Texas Court of Criminal Appeals.  *See Ex parte Conlin*, No. 64,230-08.[1]

On January 11, 2011, Conlin filed the instant civil action, requesting leave to remove an unspecified state proceeding to federal court.  (Docket No. 1).  Conlin, who casts himself as both "defendant" and a "third party plaintiff," names Montgomery County Assistant District Attorney Brett Ligon as the "third party defendant."   Conlin characterizes the state proceeding as a civil action in the nature of a suit under 42 U.S.C. § 1983.  Conlin maintains that removal is necessary because he believes that the Texas Court of Criminal Appeals will dismiss his pending state habeas application as an abuse of the writ under Article 11.07, § 4 of the Texas Code of Criminal Procedure.

---

[1]   In addition to his habeas applications, Conlin has unsuccessfully sought a writ of mandamus on two occasions.  *See Ex parte Conlin*, Nos. 64,230-05 & -07.  He has also filed at least one unsuccessful motion for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure.  *See Conlin v. State*, 221 S.W.3d 907 (Tex. App. ― Beaumont 2007, no pet.).

Speculating that he will be denied another opportunity to challenge the validity of his confinement in state court, Conlin asks this Court to "certify" that removal is appropriate to determine whether Article 11.07, § 4 is an unconstitutional violation of the Suspension Clause. The Court concludes, however, that removal is not appropriate and that this case must be dismissed for reasons that follow.

## II.   DISCUSSION

Conlin seeks leave to remove a state "civil action" under 28 U.S.C. § 1441(a) and he argues that this matter involves the "inability to enforce the law providing for the equal rights of American citizens" for purposes of removal under 28 U.S.C. § 1443(1). (Docket No. 1, ¶ 2). At the outset, the Court notes that Conlin has made no attempt to comply with 28 U.S.C. § 1446, which contains the applicable procedure for removing a case to federal court. In particular, Conlin has not provided "copies of all process, pleadings, and orders" as required by § 1446(a). Likewise, Conlin has not demonstrated compliance with the removal statute's timeliness requirement found in § 1446(b) or § 1446(c)(1). More importantly, Conlin does not allege facts showing that removal is authorized under any of the particular removal statutes referenced in the notice.

It is well established that "only a defendant, never a plaintiff, may remove a civil action from state to federal court." *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982). Although Conlin characterizes himself as a defendant, it appears that he seeks to remove a civil action or a habeas corpus proceeding that he filed on his own behalf. The Fifth Circuit has recognized that a habeas petitioner is not a defendant in a state habeas

corpus proceeding that he initiated.  *See Easley v. State of Texas*, 19 F.3d 16, 1994 WL

93646 (5th Cir. 1994) (unpublished); *see also Nichols v. Cain*, 122 F. App'x 161, 2005

WL 419485 (5th Cir. 2005)(affirming the dismissal of a petition for removal for a state

court action filed by a state prisoner).  Therefore, Conlin is not entitled to remove his

underlying state court action.

Conlin does not otherwise show that he meets the criteria for removal under 28

U.S.C. §§ 1441 or 1443.  Even assuming that removal was available, the claims must be

dismissed for other reasons.  Because Conlin is a state inmate, his civil action is subject

to the Prison Litigation Reform Act (the "PLRA"), which requires a district court to

scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that

the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be

granted;" or "seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

Conlin's underlying claim that the Texas abuse-of-the-writ statute violates the

United States Constitution has been soundly rejected and is without any arguable merit.

*See Felker v. Turpin*, 518 U.S. 651, 663-64 (1996) (holding that restrictions on second or

successive habeas petitions do not suspend the writ of habeas corpus in violation of

Article I, § 9, clause 2 of the Constitution); *Ex parte Davis*, 947 S.W.2d 216, 224-25

(Tex. Crim. App. 1996) (rejecting a similar claim that the Texas abuse-of-the writ statute

improperly suspends the writ of habeas corpus).  Therefore, this civil action qualifies for

dismissal as legally frivolous.  *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

4

In addition, court records show that Conlin has filed a previous unsuccessful attempt to remove the same state proceeding in this district. *Conlin v. Ligon*, Civil No. H-10-5257 (S.D. Tex.) (seeking removal in an effort to prevent the dismissal of his state habeas application as an abuse of the writ under Article 11.07, § 4 of the Texas Code of Criminal Procedure).[2]  Because his allegations duplicate those made in another action filed in this district, this case is subject to dismissal as "malicious" for purposes of the PLRA.  *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam); *see also Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte*).

## III.    CONCLUSION AND ORDER

Conlin does not comply with the removal statutes or show that removal is appropriate here.  Likewise, this action is subject to dismissal as frivolous and malicious.  Accordingly, for all of the foregoing reasons, the Court **ORDERS** as follows:

1.    The plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

2.    The plaintiff's request for leave to remove his state habeas proceeding to federal court (Docket No. 1) is **DENIED**.

---

[2]    The district court construed the removal notice as a thinly veiled, successive application for federal habeas corpus review and dismissed the case for lack of jurisdiction.  *Conlin v. Ligon*, Civil No. H-10-5257 (S.D. Tex.) (Docket No. 3).  This Court notes that Conlin objected to the dismissal by returning a shredded copy of that order to the Clerk's Office. *See id*. (Docket Nos. 6, 7).  Conlin is warned that any future abusive conduct of this nature may result in sanctions, including monetary penalties.

3.      This action is **DISMISSED** with prejudice as frivolous and malicious.

**The Clerk is directed to provide copies of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas this 10th day of February, 2011.

_____
Kenneth M. Hoyt
United States District Judge

6